[No. 34477. Department One. February 19, 1959.]

STEPHEN M. SMITH, *as executor and as Guardian ad Litem of Jimmie P. Smith, Appellant,* v. DAN R. McDANIEL *et al., Respondents.*

[1]Reported in 335 P. (2d) 582.

*Gavin, Robinson & Kendrick, Sensney & Davis,* and *Robert R. Redman,* for appellant.

*Powell & Loney* and *John A. Westland,* for respondents.

HUNTER, J.—This is an action wherein plaintiff Stephen M. Smith, as executor of the estate of Ann J. Smith, his deceased wife, seeks damages for her alleged wrongful death in an automobile collision; and further, for injuries to his minor son Jimmie, as his guardian *ad litem.*

The action arose out of a collision between an automobile operated by the decedent and an automobile operated by defendant Dan R. McDaniel, on a portion of the Patterson-Prosser Highway, State Highway No. 8, in a farming area known as "Horse Heaven," in Benton county. On the morning of November 10, 1955, at about eleven o'clock, the decedent was returning with her six-year-old son from Prosser to their wheat farm to the south in "Horse Heaven." The defendant, a captain in the United States army, had crossed the Patterson ferry on the Columbia river on his way to Prosser, enroute to his station at Fort Lawton, returning with his wife, small child and baby from a trip to the state of Texas. The scene of the accident was about ninety feet to the west of a rise in the road, which Mrs. Smith was ascending out of a dip in the highway, traveling in an easterly direction. Defendant Dan R. McDaniel had just come over the rise, descending into the dip in a westerly direction, when the collision occurred. The vehicles were traveling east and west as a result of the road from the south curving to the west, and the road from the north curving to the east. They were traveling in opposite directions between these curves, and a car in the dip would be without the view of the driver of a car beyond the rise to the east. The range of visibility of the cars approaching each other was 178 to

283 feet. Visibility was good and the roads were dry. The cars collided virtually head-on, as indicated by the damage to the left-front portions of both cars. Immediately after the collision, both cars were on their respective sides of the road; the tracks and tire marks were confused; debris and clothing were scattered on both sides of the center line; and the physical evidence as to their position on the road at the time of the impact was inconclusive. Mrs. Smith died immediately after the accident. The defendant driver suffered from a retrograde amnesia, and had no recollection of his position on the highway at the time of the collision. Mrs. McDaniel, the defendant wife, was attending her child and was not aware of their position on the road, or of the approaching car. Mrs. Smith's son, six-year-old Jimmie, who was about seven and one-half years of age at the time of the trial, was the only eyewitness to the accident. After examination by the court apart from the jury as to his capacity as a witness, he was permitted to testify. His testimony is in part as follows:

"Q. Was your mother driving? A. Yes. Q. What kind of a car was this, do you remember, Jimmy? A. A Packard. Q. A Packard? A. Yes. Q. Do you remember what color it was? A. It was green. Q. Where—do you remember where this accident happened? A. It happened on a hill. Q. How far away was it from your home, Jimmy? A. About a mile. Q. And do you remember seeing the other car that was in the accident? A. Yes. Q. Where was it when you first saw it? A. It was about from this desk to the wall. Q. Up to that wall? A. Yes. Q. It was right close to you? A. Yes. Q. Do you remember what side of the road you were on? A. We was on the right side of the road. Q. Did you see the people or the man or the person who was driving? A. I just saw the man. Q. Driving the other car? A. Yes. Q. Could you see his face? A. Yes. Q. Was he looking toward you? A. No. Q. What happened to you in the accident—did anything happen to you, did you get hurt? A. Yes. . . ."

On cross-examination, he testified as follows:

" . . . Q. I believe you said when you saw this car, it was about as far away from you as to the wall? A. Yes. Q. Do you know how many feet that would be? A. About four feet. Q. And that was when you first saw the car, it was

that far away, was it? A. Four feet away. Q. That is about how far away that you thought it was? A. Yes. Q. Did anything happen between the time you first saw it and the cars came together? . . ."

Among the specifications of defendants' negligence charged to the defendants by the plaintiff was failure to yield the right of way and failure to keep a proper lookout. Defendants answered denying these allegations and, by way of affirmative defense, alleged contributory negligence, and, further, sought damages against decedent's estate, by way of cross-complaint, also alleging among other grounds of negligence, failure to yield the right of way and failure to keep a proper lookout. This was denied in the reply and upon these issues framed the case was submitted to the jury.

The jury returned a verdict in favor of the defendants and against the plaintiff as executor of the estate, and as guardian *ad litem* without damages. The jury also returned a special verdict by answering interrogatories, finding no negligence on the part of either the decedent or defendant Dan R. McDaniel that proximately caused the accident.

Plaintiff's motion for a new trial was denied and judgment was entered on the verdict. Plaintiff appeals.

■ Before considering appellant's assignments of error, we must pass upon the motion of the respondents to dismiss this appeal or, in the alternative, to strike the statement of facts (which was a short record), for failure of the appellant to serve upon the respondents, a statement of points at the time of the service of the proposed statement of facts. Respondents rely upon Rule on Appeal 34(3), 34A Wn. (2d) 36, effective January 2, 1951. The appellant does not deny his failure to comply with the rule, having served his statement of points relied upon fifty-six days after service of the statement of facts. Rule on Appeal 32, 34A Wn. (2d) 12, as amended, effective March 1, 1957, provides, in effect, that this failure of compliance is not jurisdictional and granting a motion for dismissal on this ground is within the discretion of the court.

Respondents do not contend they have been prejudiced. Therefore, we feel that the noncompliance with the rule in

this case does not justify a dismissal of the appeal. The motion will be denied.

Appellant makes the following assignments of error: (1) The trial court erred in refusing to give appellant's proposed instruction No. 16; (2) the trial court erred in denying appellant's motion for a new trial; (3) the trial court erred in entering judgment upon the verdict.

The assignments of error raise one question: Did the court commit prejudicial error in failing to give appellant's proposed instruction No. 16, which reads as follows:

"You are instructed that it is the duty of a driver to at all times be reasonably alert to conditions upon the public highway and to exercise reasonable care to keep a reasonable careful lookout for other persons who might be travelling on said highways, and a failure to do so would constitute negligence.

"So, you are instructed in this case that if you should find from a fair preponderance of the evidence that the defendant, Dan McDaniel, failed to exercise reasonable care to keep a reasonably careful lookout for other vehicles travelling upon the said highway, then you are instructed that such failure on his part would constitute negligence, and if you further find from a fair preponderance of the evidence that such negligence was a proximate cause of the collision in question, and you find that the decedent, Ann J. Smith, was free from negligence, as herein defined, then your verdict must be for the plaintiff, Stephen Smith, as executor and as guardian ad litem, and against the defendants on both his causes of action."

■ In support of his position, the appellant first contends that the testimony of the minor child was sufficient evidence to raise a jury question on his theory that respondent McDaniel failed to keep a proper lookout, which was a proximate cause of the collision. We agree. The minor's testimony, if believed, would justify the jury in drawing the conclusion of McDaniel's negligence in this respect particularly when coupled with a head-on collision. The appellant was entitled to appropriate instructions on this theory of his case. The sole question is the sufficiency of the instructions given on this theory.

The general instructions given by the trial court, in so far as relating to appellant's theory of negligence, are as follows:

Instruction No. 5:". . . all are bound to the reasonable use of all their *senses* for the prevention of accident, . . . the operator of any motor vehicle . . . *should at all times be vigilant and anticipate the presence of others upon the highway and use his senses and powers for his own safety and to avoid injury to and collision with others.* . . ."

Instruction No. 7: " '. . . Every person operating or driving a vehicle of any character upon the public highways of this state *shall operate the same in a careful and prudent manner* and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, *taking into account* the amount and character of the traffic, weight of vehicle, grade and width of highway, *condition of surface and freedom of obstruction to view ahead* and *consistent with any and all conditions existing at the point of operation* so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of such public highways.' "

Instruction No. 10: "You are instructed that one may not case a burden of his own protection upon another, he owes a duty to himself. *The law does not permit him to close his eyes to danger,* . . . *He must use his own intelligence and faculties for his own protection,* . . .

"You will consider all the facts, circumstances and conditions that existed at the time and place of the accident in determining if the party used that degree of care for his or her own safety that would have been used by the ordinarily careful and prudent person under similar circumstances." (Italics ours.)

(A definition of negligence and the necessity that it be a proximate cause of the accident to support or bar recovery was stated in separate instructions given.)

■ It is noticeable that the express language of "failure to keep a proper lookout" is not stated in these instructions. In this regard, however, we find no place in our statutes where "failure to keep a proper lookout" is found as a violation of the rules of the road in this precise language. The phrase is not controlling if the duty of care is otherwise

expressed. We feel the trial court has otherwise expressed this duty of care in the instructions given.

The test should be: May counsel, from the instructions given, satisfactorily argue his theory of negligence to the jury? We cannot see where appellant's counsel was limited in any way, in this respect, by the instructions given. The instructions adequately advised the jury of the rule of law applicable to the issue raised by appellant's theory.

The appellant contends, however, that he is entitled to a special instruction relating only to the duty of respondent McDaniel to keep a proper lookout, as there is no evidence in the record of any negligence on the part of the deceased Mrs. Smith in this regard, citing *DeKoning v. Williams*, 47 Wn. (2d) 139, 286 P. (2d) 694 (1955). In that case, the general instructions given did not adequately instruct the jury on the appellant's theory of respondent's negligence. In the present case, our having held that the instructions were adequate, the *DeKoning* case does not apply. Moreover, under the facts of that case, there was the theory of the emergency doctrine which applied to the appellant, but which did not apply to the respondent. A general instruction on that theory was therefore confusing, raising the inference that the emergency doctrine was applicable to both. In the instant case, the duty to keep a proper lookout is a rule of the road imposed upon all users of the highway, applying to both the deceased Mrs. Smith and the respondent McDaniel. There was no room for confusion or misunderstanding by the jury as to the appellant's theory of negligence, by the instructions given under these circumstances.

The trial court gave thirty-six instructions comprehensively instructing the jury on all issues in the case. We are satisfied that the appellant had a fair hearing and that no prejudicial error resulted from the court's failure to give appellant's instruction No. 16.

The judgment is affirmed.

MALLERY, HILL, FINLEY, and OTT, JJ., concur.