[No. 264-41055-2.   Division Two.   November 5, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH MELLO, *Appellant*.

*Don R. Smith,* for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

PEARSON, J.—Defendant, Joseph Mello, appeals from a conviction and sentence for second-degree assault. The facts giving rise to the conviction are as follows.

Tacoma police officers Knutsen and Sijon were on their way to a burglary call when they observed an automobile with its lights on, parked on the sidewalk, facing the wrong way on a one-way street. Ten to 15 minutes later, about 4:30 a.m., the officers returned and on closer examination, determined that the car had its motor running, one tire was flat, and an individual was slumped over the steering wheel. With some difficulty, the officers were able to arouse this individual and ultimately to help him out of the car. The driver, appellant here, seemed to have considerable

difficulty talking and understanding questions asked of him. Though the officers testified no odor of alcohol was about defendant, he seemed to have difficulty standing and when the officers turned for a moment, he crawled back into the car and shut the door. Officer Sijon approached the driver's side while his partner went to the passenger side. Officer Knutsen saw defendant move his hand between the cushions of the front seat and remove something, which proved to be a loaded pistol. Officer Knutsen disarmed defendant, but only after he pointed the pistol at Officer Sijon. After his arrest, defendant was not given a breathalyzer test, though testimony from an officer indicates he appeared intoxicated and defendant himself testified he had been drinking and taking a prescription drug.

The assignments of error in this appeal raise two basic issues. The first is what sort of intent is necessary for second-degree assault. The second is a question of the propriety of the instruction on intoxication given in this case.

■ The matter of requisite intent for the crime seems to have been decided in *State v. Stewart*, 73 Wn.2d 701, 440 P.2d 815 (1968). In that case, the jury was instructed that they could find the defendant guilty if they found acts sufficient to constitute the crime that were "willfully" done. The Supreme Court found that the word "willful" sufficiently defined the required intent. Thus, we feel that the instructions here, which both require the acts to be done willfully[1] and define willful[2] are sufficient to put properly before the jury this element of the crime. *See State v.*

---

[1]Instruction No. 3 reads:

"To this information and the charge thereby made, the defendant has entered a plea of not guilty. This plea of not guilty raises every issue in the trial and it therefore becomes incumbent upon the State to prove to your satisfaction beyond a reasonable doubt every material element of the charge presented by this information and with which the accused stands charged."

[2]Instruction No. 9 reads:

" 'Wilful' means purposely and intentionally, with a design and hope to accomplish the evil result. It means a set purpose and intent to do the exact thing which the law says shall not be done."

*Travis,* 1 Wn. App. 971, 465 P.2d 209 (1970); *State v. Turner,* 78 W.D.2d 276, 474 P.2d 91 (1970).

We are compelled, however, to reverse the conviction appealed from because of defendant's second line of argument, that intoxication was not properly placed before the jury. Defendant's defense was that his state of intoxication was such that he did not have the requisite intent to commit assault in the second degree. Instruction No. 11 provided:

> *If you find that the defendant was intoxicated at the time of the offense charged, you are instructed that such intoxication is not a defense.* No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his being in said condition. But whenever the actual existence of any particular purpose, motive, or intent, is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact of his intoxication at the time in determining such purpose, motive or intent.

(Italics ours.)

While this instruction on the effect of intoxication may have technically stated the correct law in a manner comprehensible to one trained in making the subtle distinctions the Bar is often accused of engaging in, we think that when this instruction was given to lay jurors, its effect was to misstate the rule of law long followed by the Supreme Court.

RCW 9.01.114 sets out the rule regarding intoxication. It is instruction No. 11, without the first sentence (in italics) of that instruction. However, *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968) convinces us that the presence of the first sentence of instruction No. 11 is fatal error. In addition to approving an instruction drafted in the form of the statute, the *Dana* case sets out other principles useful to our decision here.

Instructions are sufficient if they are readily understood and not misleading to the ordinary mind. We cannot say that instruction No. 11 is either of these. Its first sentence seems to be contradictory when read with the rest of

the instruction. The jury is likely to be left wondering which part of the instruction states the law. In such a case, counsel cannot satisfactorily argue his theory of the case to a confused jury. Such a state of the instructions is prejudicially erroneous to the defendant. *State v. Dana, supra; Smith v. McDaniel,* 53 Wn.2d 604, 335 P.2d 582 (1959).

In view of our decision on this second point, we need not reach defendant's other contentions, which have been examined and found to be without merit.

Reversed and remanded for a new trial.

ARMSTRONG, C. J., and PETRIE, J., concur.

Petition for rehearing denied December 16, 1970.

Review granted by Supreme Court January 19, 1971.