[No. 41806.    En Banc.    May 6, 1971.]

THE STATE OF WASHINGTON, *Petitioner,* v. JOSEPH MELLO, *Respondent.*

280

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for petitioner.

*Don R. Smith,* for respondent.

WRIGHT, J.—Defendant was convicted of assault in the second degree in the superior court. Upon appeal to the Court of Appeals, the conviction was reversed. The matter is before this court following a petition for review by the state, which petition for review was granted. The facts are well stated by the Court of Appeals in *State v. Mello,* 3 Wn. App. 555, 477 P.2d 42 (1970), as follows:

> Tacoma police officers Knutsen and Sijon were on their way to a burglary call when they observed an automobile with its lights on, parked on the sidewalk, facing the wrong way on a one-way street. Ten to 15 minutes later, about 4:30 a.m., the officers returned and on closer examination, determined that the car had its motor running, one tire was flat, and an individual was slumped over the steering wheel. With some difficulty, the officers were able to arouse this individual and ultimately to help him out of the car. The driver, appellant here, seemed to have considerable difficulty talking and understanding questions asked of him. Though the officers testified no odor of alcohol was about defendant, he seemed to have difficulty standing and when the officers turned for a moment, he crawled back into the car and shut the door. Officer Sijon approached the driver's side while his partner went to the passenger side. Officer Knutsen saw defendant move his hand between the cushions of the front seat and remove something, which proved to be a loaded pistol. Officer Knutsen disarmed defendant, but only

after he pointed the pistol at Officer Sijon. After his arrest, defendant was not given a breathalyzer test, though testimony from an officer indicates he appeared intoxicated and defendant himself testified he had been drinking and taking a prescription drug.

Upon the petition for review, only one question is presented, the propriety of instruction No. 11, which reads:

> *If you find that the defendant was intoxicated at the time of the offense charged, you are instructed that such intoxication is not a defense.* No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his being in said condition. But whenever the actual existence of any particular purpose, motive, or intent, is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact of his intoxication at the time in determining such purpose, motive or intent.

(Italics ours.)

It was upon the basis of the first sentence of instruction No. 11 the Court of Appeals reversed in *State v. Mello, supra.*

■ Instruction No. 11 correctly stated the law. It is and always has been the law that voluntary intoxication is not a defense, but if intent is a necessary element of the crime, then the intoxication of defendant can be considered only in so far as it bears on intent. Instruction No. 11 so stated with sufficient clarity that no juror could misunderstand. The instruction, after the first sentence, is substantially in the language of RCW 9.01.114.

In order to avoid any future problems, we strongly recommend an instruction such as instruction No. 11 never be given again. The first sentence should be eliminated.

We hold the instruction, although imperfect, was not prejudicial error and, therefore, the decision of the Court of Appeals must be and is hereby reversed and the trial court affirmed.

HAMILTON, C.J., FINLEY, HUNTER, HALE, NEILL, and STAFFORD, JJ., concur.

McGOVERN, J. (dissenting)—I dissent. The jury was told that "intoxication is not a defense" to the crime charged. That is not the law. If the defendant was intoxicated to the extent that he could not form the required intention to commit the act, then that intoxication would be a legitimate defense. Because instruction No. 11 was a misstatement of the law, I would reverse the trial court.

ROSELLINI, J., concurs with McGOVERN, J.