[No. 46510.   En Banc.   August 14, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY LEE COX, *Petitioner.*

*John R. Muenster* and *Gilbert H. Levy* of *Seattle–King County Public Defender Association,* for petitioner (counsel for appeal only).

*Norm Maleng, Prosecuting Attorney,* and *Marcia Nelson* and *Gordon S. Jones, Deputies,* for respondent.

UTTER, C.J.—This appeal examines whether the trial court committed reversible error by failing to specifically instruct that the burden of proof in a criminal case is upon the State. We conclude that the totality of circumstances was such that the omission of the instruction does not require reversal of the conviction.

On September 1, 1977, a Seattle gas station employee reported the theft of cash and various automobile equipment including four new tires and a battery alternator tester. The employee informed the police that he had observed a man in a long coat running from the station towards the west, and had immediately thereafter seen

petitioner Larry Lee Cox approaching from the same direction and carrying a long coat. The police subsequently received tips from two informants that petitioner possessed property stolen from a Seattle service station. On September 12, 1977, a police officer went to Cox's home to arrest him on a warrant for a traffic violation, and noticed four tires inside Cox's automobile. After unsuccessfully seeking Cox's permission to search the car, the officer obtained a search warrant and found tires, a battery alternator tester and other automobile equipment matching the descriptions of the items taken from the station. Petitioner was charged with and convicted of second degree burglary.

At trial, the judge instructed on proof beyond a reasonable doubt and the presumption of innocence:

> To convict the defendant of the crime of burglary in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 1st day of September, 1977, the defendant entered or remained unlawfully in the building.
> (2) That the entering or remaining was with intent to commit a crime against a person or property therein.
> (3) That the acts occurred in King County, Washington. If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all the evidence you have a reasonable doubt as to any of these elements, then it will be your duty to return a verdict of not guilty.

Instruction No. 3.

> You are instructed that the law presumes a defendant to be innocent until proven guilty beyond a reasonable doubt. This presumption is not a mere matter of form, but it is a substantial part of the law of the land, and it continues throughout the entire trial and until you have found that this presumption has been overcome by the evidence beyond a reasonable doubt.

Instruction No. 9. The judge also instructed on the definitions of reasonable doubt and presumption of innocence in instruction No. 9. However, the trial court inadvertently

omitted the standard jury instruction that the burden of proof in a criminal case is upon the State. *See, e.g.,* Washington Pattern Jury Instructions, WPIC 4.01, 11 Wash. Prac. 38 (1977).

On appeal, petitioner claimed that the omission of a specific instruction that the burden is upon the State violated the due process guaranties of the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington Constitution. The Court of Appeals correctly considered the claim despite the petitioner's failure to object to the error at trial, since the claim involves an alleged violation of a constitutional right, and constitutional claims can be raised for the first time on appeal. *State v. Blight,* 89 Wn.2d 38, 44, 569 P.2d 1129 (1977); *State v. McHenry,* 88 Wn.2d 211, 213, 558 P.2d 188 (1977). The Court of Appeals rejected petitioner's claim, finding that the totality of the circumstances in this case were such that petitioner received a constitutionally fair trial despite the challenged omission in the jury instructions. The court explained that "[w]hile we do not condone the omission of an explicit reference to the State as the party with the burden of proof," the record in this case when considered as a whole did not warrant reversal of the conviction.

Petitioner contends that the Court of Appeals applied the wrong test in determining the validity of the jury instructions. He argues that our decision in *State v. McHenry, supra,* established that the omission of language specifically identifying the State as the party with the burden of proof is reversible error per se, and that the Court of Appeals therefore erred in applying a totality of the circumstances test and affirming the conviction.

In *McHenry,* the trial court failed to give an instruction adequately informing the jury that the burden of proof is upon the State, but furthermore failed to instruct that the defendant must be proven guilty beyond a reasonable doubt and that the defendant is presumed innocent until proven guilty. Rejecting the totality of circumstances test

proposed by the dissent, the majority in *McHenry* applied a per se test and concluded that the omission of these instructions constituted reversible error. It was evident, however, that the per se reversible error was not caused simply by the omission of a specific instruction identifying the State as the party bearing the burden of proof. As explained in *McHenry,* there are two indispensable functions that must be performed by the jury instructions in any criminal case: (1) To declare that each element of the crime must be proven beyond a reasonable doubt, and define the standard of reasonable doubt; and (2) To state that the burden is upon the "State to prove each element of the crime by that standard". *McHenry,* at 214.[1] The function of informing the jury of the reasonable doubt standard can only be achieved by a specific instruction. Therefore when, as in the *McHenry* case, the jury instructions fail to include a specific instruction on reasonable doubt, the omission is per se reversible error.

▮ In contrast to the reasonable doubt function, the function of informing the jury that the burden of proof is upon the State and not the defendant could conceivably be achieved by either of two means—an instruction specifically identifying the State as the party bearing the burden of proof or the presumption of innocence instruction which declares the defendant innocent until proven guilty. *See People v. Cesarz,* 44 Ill. 2d 180, 189–90, 255 N.E.2d 1, 7 (1969). When, as in the *McHenry* case, the jury instructions

---

[1] In *McHenry,* we held that jury instructions must also perform a third function of defining the presumption of innocence, and that the omission of a specific instruction on presumption of innocence is per se reversible error. Subsequently, in *Kentucky v. Whorton,* 441 U.S. 786, 60 L. Ed. 2d 640, 99 S. Ct. 2088 (1979), the United States Supreme Court held that the omission of a presumption of innocence instruction is not per se reversible error under the Fourteenth Amendment due process clause and must be examined under the totality of circumstances test. We have not as yet decided, and do not need to decide in the present case, whether the *McHenry* holding on omission of a presumption of innocence instruction as per se reversible error retains its vitality under article 1, section 3 of the Washington Constitution. *Cf. Federated Publications, Inc. v. Kurtz,* 94 Wn.2d 51, 615 P.2d 440 (1980); *see generally* Brennan, *State Constitutions and the Protection of Individual Rights,* 90 Harv. L. Rev. 489 (1977).

lack both a specific identification of the State as the party with the burden *and* a presumption of innocence instruction, the instructions unconstitutionally fail to perform the function of informing the jury of the allocation of burden of proof. However, if the trial judge gives the presumption of innocence instruction even though failing to give a specific instruction on the State as the party with the burden of proof, there is still a possibility that the instructions as a whole were sufficient to adequately inform the jury that the burden of proof is upon the State and not the defendant. Thus, in a case of this type, such as the present case, we must determine on the basis of the totality of circumstances test—and not the per se test—whether the jury was adequately informed of the allocation of burden of proof.

The Court of Appeals in this case, therefore, applied the correct test. It was, moreover, correct in concluding that the totality of circumstances in this case was such that the jury was adequately informed of the allocation of burden of proof. In addition to the presumption of innocence instruction which implicitly explained the allocation, the State's possession of the burden of proof was explicitly emphasized throughout the trial. The trial judge told the jurors twice at the beginning of voir dire that the State bears the burden of proof. During voir dire, defense counsel frequently emphasized that the burden of proof as to each and every element is on the State, and the prosecutor acknowledged the State's burden at least eight times. Both the defense and prosecution stated during closing argument that the burden is upon the State.

Since the totality of circumstances in this case was such that petitioner received a constitutionally fair trial despite the challenged omission in the jury instructions, the conviction must be affirmed. However, as the Court of Appeals emphasized, this affirmance must not be taken as approval of the omission of a specific instruction on the allocation of burden of proof. The jury instructions must clearly explain the "necessity for the State to prove each element of the crime" (*McHenry, supra* at 214) and a specific instruction

on the State's burden is an important part of this explanation. The use note to the pattern jury instruction on allocation of burden of proof states that "[t]his instruction must be given in every case." WPIC 4.01, Note on Use.[2] Although affirming the conviction in the present case, we presume that trial judges in future cases will—without fail—give a specific instruction that the State bears the burden of proof. *Cf. State v. Scott,* 93 Wn.2d 7, 13–14, 604 P.2d 943 (1980); *State v. Mello,* 79 Wn.2d 279, 281, 484 P.2d 910 (1971).

The judgment of the trial court is affirmed.

ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and BIBB, J. Pro Tem., concur.

---

[2]The pattern jury instruction states: "The *plaintiff* has the burden of proving each element of the crime beyond a reasonable doubt." (Italics ours.) WPIC 4.01, 11 Wash. Prac. 38 (1977). Since a lay juror may not immediately recognize the State as "the plaintiff", we recommend that trial judges modify this pattern instruction and instruct that "The State has the burden of proving each element of the crime beyond a reasonable doubt."