[No. 9847–1–I.   Division One.   April 21, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. FREDERICK CLAYTON TUCKER, *Appellant.*

*Norman Leopold,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Tom Cherry, Deputy,* for respondent.

[As amended by order of the Court of Appeals May 26, 1982, deleting directions that the opinion should not be published.]

WILLIAMS, J.—Frederick Clayton Tucker, accused by information of second degree burglary, was found guilty as charged in a trial to the court with a jury. He appeals from the judgment entered on the verdict. We affirm.

## ISSUES

ISSUE ONE. Did the trial court err in refusing to suppress Tucker's confession?

ISSUE TWO. Did the trial court err in refusing to grant Tucker's motion for a mistrial because of a venireman's comments?

ISSUE THREE. Did the trial court err in refusing to grant Tucker's motion for a mistrial because of a police officer's comments about his postarrest silence?

ISSUE FOUR. Did the trial court err in refusing to give Tucker's requested jury instructions?

ISSUE FIVE. Did the trial court err by giving an instruction that constituted a comment on the evidence, and not including in the "to–convict" instructions the requirement that the State had the burden of proving Tucker's guilt beyond a reasonable doubt?

## DECISION AND GROUNDS

ISSUE ONE.

■ No. The test for the voluntariness of a confession is: "[W]hether the behavior of the State's law enforcement officials was such as to overbear [defendant's] will to resist and bring about confessions not freely self–determined . . .

*State v. Braun,* 82 Wn.2d 157, 161–62, 509 P.2d 742 (1973), quoting *Rogers v. Richmond,* 365 U.S. 534, 544, 5 L. Ed. 2d 760, 81 S. Ct. 735 (1961). Upon viewing the video tape made of Tucker on the night he was arrested, and considering the Breathalyzer results and testimony of the police officers who questioned him, the court decided that Tucker made a knowing, intelligent and voluntary waiver of his right to remain silent. *See State v. Cuzzetto,* 76 Wn.2d 378, 457 P.2d 204 (1969). There is substantial evidence to support that decision and it will not be disturbed on appeal. *State v. Fullen,* 7 Wn. App. 369, 499 P.2d 893, *review denied,* 81 Wn.2d 1006 (1972), *cert. denied,* 411 U.S. 985 (1973).

ISSUE TWO.

■ No. During voir dire a venireman, in the presence of several other veniremen, told of an unpleasant encounter he had with the Seattle police, and stated he might know Tucker and would prefer not to serve as a juror on the case. Immediately thereafter he was excused. Tucker moved for a mistrial claiming the venireman's comments were inflammatory and prejudiced the other jurors. There is nothing in the record that demonstrates any juror was biased against Tucker as a result of the venireman's remarks. *See State v. McGee*, 6 Wn. App. 668, 672, 495 P.2d 670, *review denied*, 80 Wn.2d 1010 (1972). In the absence of proof that Tucker was prejudiced, the court's denial of his motion for a mistrial cannot be considered an abuse of discretion. *State v. Richard*, 4 Wn. App. 415, 421, 482 P.2d 343 (1971).

ISSUE THREE.

■ No. On direct examination, a detective testified that Tucker "said nothing to us . . . while laying on the floor . . ." The State made no attempt to elicit testimony concerning Tucker's postarrest silence, and made no mention of it again at trial. Whether the "overwhelming untainted evidence" test or the "contribution" test is applied, the officer's comments were harmless error beyond a reasonable doubt. *State v. Evans*, 96 Wn.2d 1, 6–10, 633 P.2d 83 (1981) (Brachtenbach, C.J., concurring). The trial court properly denied Tucker's motion for a mistrial.

ISSUE FOUR.

■ No. The trial court refused to give Tucker's proposed instructions that evidence of arrest is not evidence of guilt, and that the burden of proof never shifts to the defendant. Tucker argues that by excluding his proposed instructions the court committed reversible error because without them the instructions given assured his conviction.

> When the instructions given, considered as a whole, permit a party to argue his theory of the case, then it is not error to refuse other requested instructions.

*State v. Turner*, 16 Wn. App. 292, 299, 555 P.2d 1382 (1976). The instructions given afforded Tucker ample

opportunity to argue his theory of the case to the jury, and, consequently, the court did not err in refusing to give the requested instructions.

Issue Five.

No. Tucker argues that the court's instruction on direct and circumstantial evidence constituted an improper comment on the evidence, and that the "to–convict" instructions were erroneous because they omitted the requirement that the State had the burden of proving each element of the crime.

The instruction on direct and circumstantial evidence was taken almost verbatim from WPIC 5.01, and the note on its use states: "This instruction should be given upon the request of any party when there is circumstantial evidence in the case." Because the State requested the instruction, and circumstantial evidence of Tucker's guilt for second degree burglary was presented, the trial court properly gave the direct and circumstantial evidence instruction.

The trial court instructed the jury that the State had the burden of proving Tucker's guilt by the following instruction:

> The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. *The prosecution or plaintiff has the burden of proving each element of the crime beyond a reasonable doubt.*
>
> A defendant is presumed innocent. This presumption continues throughout the entire trial unless you find it has been overcome by the evidence beyond a reasonable doubt.
>
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

(Italics ours.) Instruction 11. It was not reversible error to omit the allocation of the burden of proof from the "to–

convict" instructions. *See State v. Cox,* 94 Wn.2d 170, 175–76, 615 P.2d 465 (1980).

The judgment is affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.