[No. 49538–6. En Banc. August 18, 1983.]

*In the Matter of the Personal Restraint of*
DERWOOD ODEL LILE, *Petitioner.*

*Dustin D. Deissner,* for petitioner.

*Arthur R. Eggers, Prosecuting Attorney,* and *Carl L. Johnson, Deputy,* for respondent.

PER CURIAM.—Petitioner was convicted in 1975 of first degree murder. His primary defense at trial was self-defense. Petitioner also maintained that he never intended to kill the victim. He now challenges his conviction in this personal restraint petition, certified to us by the Court of Appeals. The issue is whether petitioner has proven that he was actually prejudiced by the trial court's (1) instructing the jury that petitioner bore the burden of proving self-defense, and (2) failing to instruct the jury that petitioner was presumed innocent. We hold that petitioner has met this burden. In light of the particular nature of this case, the cumulative effect of these errors actually prejudiced his right to a fair trial.

 The errors alleged by petitioner were not raised in his earlier appeal. *State v. Lile*, 15 Wn. App. 1007 (1976). The failure to raise constitutional issues in an appeal is no longer a reason to automatically reject a personal restraint petition. *In re Hews*, 99 Wn.2d 80, 660 P.2d 263 (1983). However, before we grant a personal restraint petition, the petitioner must prove that the constitutional errors worked to his actual and substantial prejudice. *In re Hagler*, 97 Wn.2d 818, 650 P.2d 1103 (1982). We will first discuss the alleged errors and then their prejudicial effect.

I

SELF–DEFENSE INSTRUCTION

The trial court instructed the jury as follows:

When a defendant claims that he killed another in self–defense of his own person, the burden is upon the defendant to prove that the homicide was done in self–defense. The defendant sustains the burden of proof if from a consideration of all the evidence in the case you have a reasonable doubt as to whether the killing was done in self–defense.

An instruction essentially identical to this one was held unconstitutional in *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977). Petitioner in the instant case, like the defendant in *Roberts*, was convicted under the old criminal code, which provided that a killing was murder or man-

slaughter unless it was excusable or justifiable. Laws of 1909, ch. 249, §§ 140, 141, 143, pp. 930, 931. One of the enumerated justifications for homicide was self–defense. Laws of 1909, ch. 249, § 154, p. 934. We held in *Roberts* that under this statutory scheme the absence of self–defense was an element which the State had the burden of proving beyond a reasonable doubt and any instruction which shifted the burden of proving self–defense to the defendant violated the defendant's due process rights.[1]

■ The State argues that *Roberts* is inapplicable here because petitioner was tried almost 2 years before that decision. Our holding in *Roberts,* however, was required under *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975) and *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). The Court in those cases basically held that the due process clause of the Fourteenth Amendment required that the State persuade the jury beyond a reasonable doubt as to all elements of the crime charged. In *Roberts* we merely applied the principles of those cases to our interpretation of the old criminal code concluding that the instruction given was unconstitutional. The United States Supreme Court recently reaffirmed the principle that if a case merely applies settled precedents to new and different factual situations, the rule of that case applies to earlier cases because the later decision has not altered the rule in any material way. *United States v. Johnson,* 457 U.S. 537, 549, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982). Thus, because we merely applied the principles of *Mullaney* and *Winship* (both decided prior to petitioner's trial)[2] to a new factual situation in *Roberts,* the

---

[1]Petitioner asserts that the instruction was error pursuant to the reasoning of *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983). *McCullum,* however, was decided under the new criminal code. Laws of 1975, 1st Ex. Sess., ch. 260. The 1975 revisions to the criminal code do not apply to proceedings begun before July 1, 1976. RCW 9A.98.020. Petitioner's trial began June 13, 1975, and his sentence was imposed June 30.

[2]The Court decided *Mullaney* on June 9, 1975, and petitioner's trial began June 13. Of course, even if *Mullaney* had not been decided prior to petitioner's

rule of *Roberts* controls in this case. Accordingly, it was error to give an instruction requiring petitioner to prove he acted in self–defense.

Our inquiry as to the merits of this issue does not end with a determination that the instruction was erroneous. Petitioner must also prove that this error actually prejudiced him. A discussion of actual prejudice appears in part III of this opinion.

## II
### PRESUMPTION OF INNOCENCE INSTRUCTION

Petitioner next assigns error to the trial court's failure to instruct the jury that petitioner was presumed innocent until proven guilty. Such an instruction is fundamental to a fair trial. *In re Winship, supra; Coffin v. United States,* 156 U.S. 432, 39 L. Ed. 481, 15 S. Ct. 394 (1895). The presumption of innocence has been repeatedly stated to be important by both our Legislature and this court. *See, e.g.,* RCW 10.58.020; *State v. McHenry,* 88 Wn.2d 211, 558 P.2d 188 (1977); *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152, *cert. denied,* 419 U.S. 1013 (1974); *State v. Swartos,* 65 Wn.2d 335, 396 P.2d 971 (1964); *State v. Tyree,* 143 Wash. 313, 255 P. 382 (1927). The instruction is given as a matter of course in criminal trials. The State, however, argues that the omission in this case was not error because the court did properly instruct the jury as to the State's burden of proving petitioner's guilt beyond a reasonable doubt.

It is true that the presumption of innocence and the State's burden are closely related. Yet the presumption of innocence instruction conveys to the jury a special and additional caution to consider only the evidence before them and not to surmise anything based on a defendant's present situation. 9 J. Wigmore, *Evidence* § 2511 (3d ed. 1940); *State v. Odom, supra.*

■ Petitioner contends that the failure to give the

---

trial, it would apply since the United States Supreme Court has required that it be given retroactive effect. *Hankerson v. North Carolina,* 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977).

instruction is reversible per se on direct review and thus he need not prove actual prejudice in a collateral review. He draws support for his premise that the omission is per se reversible error from *State v. Cox,* 94 Wn.2d 170, 615 P.2d 465 (1980). In a footnote in that case we stated that *McHenry* held the omission required reversal. *Cox,* at 174 n.1. *McHenry* was open to such an interpretation since the omission of the presumption of innocence instruction was recognized as an error but harmlessness was never discussed. After we decided *McHenry,* however, the United States Supreme Court in *Kentucky v. Whorton,* 441 U.S. 786, 789, 60 L. Ed. 2d 640, 99 S. Ct. 2088 (1979) clearly held that the failure to give a presumption of innocence instruction

> does not in and of itself violate the Constitution. Under *Taylor [v. Kentucky,* 436 U.S. 478 (1978)], such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial.

In *Cox* we left open the question of whether the omission would be a per se reversible error under Const. art. 1, § 3 or whether we would adopt the approach taken by the *Whorton* Court. *Cox,* at 174 n.1. Upon reflection, we see no reason to adopt an analysis under our state constitution which differs from *Whorton.* Accordingly, the failure to give a presumption of innocence instruction is not a per se reversible error.

We agree, however, that the trial court should have given the presumption of innocence instruction in the instant case and discuss the prejudicial or harmful effect of that omission in light of the totality of the circumstances in part III of this opinion.

### III
#### ACTUAL PREJUDICE

The next step in our analysis is to determine whether

petitioner has proven he was actually prejudiced by the court's erroneous instruction on self–defense and its failure to give a presumption of innocence instruction. Petitioner must prove that his entire trial was so infected that the resulting conviction violates due process. *United States v. Frady,* 456 U.S. 152, 169, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982).

The evidence supporting petitioner's conviction of first degree murder is far from overwhelming. The incident occurred as petitioner tried to break up a fight between two fellow migrant workers known as "Butch" and "Red" (the victim). When petitioner was unable to stop the fight, he went to get a gun. He had been in fights with Red before and was in fear of him. Petitioner testified that when he returned, Red was within 6 feet of him and coming toward him with a hammer poised in a position to strike. Petitioner testified that he then closed his eyes and shot at Red. Only two of many eyewitnesses were called and their stories were conflicting as to whether petitioner acted in self–defense. Butch, the other man involved in the fight, was never called as a witness. The coroner's testimony was also inconclusive as to the claim of self–defense. It was in this context that the court erroneously required petitioner to prove self–defense and failed to give the presumption of innocence instruction.

The evidence of self–defense was contradictory and inconclusive. Thus, correctly placing the burden of proof as to self–defense was vital. The effect of this error coupled with the fact that the jury was never given the proper starting point—that petitioner was presumed innocent until proven guilty—more likely than not actually prejudiced petitioner's right to a fair trial. We do not hold that either the instruction on self–defense or the omission of the presumption of innocence instruction separately constituted actual prejudice. Rather, petitioner has proven that it is their combined effect in light of the particular nature of this case that constitutes actual prejudice.

Petitioner additionally challenges an instruction as to his

presumed intent on the basis of *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979), which he argues should be applied retroactively to his case. We decline to address the question of *Sandstrom's* retroactive application at this time as it is unnecessary to our resolution today. However, on retrial the court should evaluate the challenged instruction in light of recent case law.

We grant the petition for a new trial.