317 S.E.2d 501

**STATE of West Virginia**

v.

**Cornelius J. BONHAM.**

**No. 15980.**

Supreme Court of Appeals of West Virginia.

March 21, 1984.

Dissenting Opinion June 19, 1984.

Thornhill, Kennedy & Vaughan, Beckley, for appellant.

Fredrick S. Wilkerson, Asst. Atty. Gen., Charleston, for appellee.

**MILLER, Justice:**

On January 4, 1981, Cornelius Bonham was arrested for driving while under the influence of alcohol, in violation of Beckley City Code, 13–49 (1977). He was tried in the Beckley Municipal Court and fined one hundred dollars. Pursuant to W.Va.Code, 8–34–1 (1969),[1] the defendant exercised his right to an appeal de novo to the circuit court. After being tried before a jury, which found the defendant guilty, the Circuit Court of Raleigh County imposed a more severe sentence by fining the defendant one hundred fifty dollars, sentencing him to serve thirty days in jail, and suspending his driver's license.

The defendant's sole contention in this appeal is that the circuit court was precluded by our holding in *State v. Eden,* 163 W.Va. 370, 256 S.E.2d 868 (1979), from imposing a more severe sentence than that imposed by the municipal court. We agree.

In *Eden,* the defendant was initially fined fifty dollars by a justice of the peace for reckless driving. Subsequently, he chose to have a trial de novo in the circuit court, following the procedure established in W.Va.Code, 50–5–13 (1976). In the circuit court he was again convicted of reckless driving, fined two hundred dollars, and sentenced to thirty days in jail. We reversed the conviction and held in Syllabus Point 2:

> "A defendant who is convicted of an offense in a trial before a justice of the peace and exercises his statutory right to obtain a trial *de novo* in the circuit court is denied due process when, upon conviction at his second trial, the sentencing judge imposes a heavier penalty than the original sentence. W.Va. Const. art. 3, § 10."

Our holding in *Eden,* which has been consistently affirmed,[2] was grounded

---

1. The relevant portion of W.Va.Code, 8–34–1 (1969), is:

   "Every person sentenced under this chapter by any mayor or police court judge or municipal court judge to imprisonment or to the payment of a fine of ten dollars or more (and in no case shall a fine of less than ten dollars be given if the defendant, his agent or attorney object thereto) shall be allowed an appeal de novo to the circuit or other court of the county exercising jurisdiction over appeals in criminal cases from justices of the peace [now magistrate] courts in the county."

2. *E.g., State v. Young,* 173 W.Va. 1, 311 S.E.2d 118 (1983); *State v. Gwinn,* 169 W.Va. 456, 288 S.E.2d 533 (1982); *State v. Cobb,* 166 W.Va. 65, 272 S.E.2d 467 (1980).

in our due process clause, W.Va. Const. art. III, § 10, which states: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." We have held in a number of cases that:

"The provisions of the Constitution of the State of West Virginia may, in certain instances, require higher standards of protection than afforded by the Federal Constitution." Syllabus Point 2, *Pauley v. Kelly,* 162 W.Va. 672, 255 S.E.2d 859 (1979).

*See also Champ v. McGhee,* 165 W.Va. 567, 270 S.E.2d 445 (1980); *Hendershot v. Hendershot,* 164 W.Va. 190, 263 S.E.2d 90 (1980); *Adkins v. Leverette,* 161 W.Va. 14, 239 S.E.2d 496 (1977).

Furthermore, the United States Supreme Court has also recognized that a state supreme court may set its own constitutional protections at a higher level than that accorded by the federal constitution. *Connecticut v. Johnson,* 460 U.S. 73, 103 S.Ct. 969, 974 n.9, 74 L.Ed.2d 823, 830 n.9 (1983); *Mills v. Rogers,* 457 U.S. 291, 300, 102 S.Ct. 2442, 2449, 73 L.Ed.2d 16, 23 (1982); *PruneYard Shopping Center v. Robins,* 447 U.S. 74, 81, 100 S.Ct. 2035, 2040, 64 L.Ed.2d 741, 752 (1980); *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570, 575 (1975); *Sibron v. New York,* 392 U.S. 40, 60–61, 88 S.Ct. 1889, 1901–02, 20 L.Ed.2d 917, 933–34 (1968). There are a number of cases where state supreme courts have set a higher level of protection under their own constitutions. *E.g., People v. Rucker,* 26 Cal.3d 368, 605 P.2d 843, 162 Cal.Rptr. 13 (1980); *O'Conner v. Johnson,* 287 N.W.2d 400 (Minn. 1979); *State v. Hunt,* 91 N.J. 338, 450 A.2d 952 (1982); *State v. Schmid,* 84 N.J. 535, 423 A.2d 615 (1980); *Cooper v. Morin,* 49 N.Y.2d 69, 399 N.E.2d 1188, 424 N.Y.S.2d

168 (1979), *cert. den.,* 446 U.S. 984, 100 S.Ct. 2965, 64 L.Ed.2d 840 (1980); *State v. Cox,* 94 Wash.2d 170, 615 P.2d 465 (1980).

In *Eden,* we explicitly rejected the United States Supreme Court's holding in *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), that a more severe sentence imposed following a trial de novo does not violate a defendant's due process rights. In rejecting *Colten,* we said in *Eden* that the threat of an increased penalty arising from exercising the de novo appeal [3] was a substantial deterrent to the right of a de novo appeal. We also recognized in *Eden* that the de novo appeal was in reality not an appeal because the defendant had no right to have the trial in the magistrate court reviewed on appeal for error.

Thus, a defendant, who wished to challenge the validity of his conviction, had to seek a de novo trial. To compound this burden by allowing the additional handicap that he could also be subjected to increased punishment was in our view a violation of our State due process standard. The United States Supreme Court in *Colten* did not answer to our satisfaction the critical issue of how a defendant, who believes that the evidence against him at the trial in the municipal or magistrate court was insufficient to convict or was otherwise constitutionally infirm, can correct this error without utilizing the de novo appeal. Yet, according to *Colten,* if he does request a de novo appeal, nothing prevents the state from enhancing its case and at the same time imposing a higher level of punishment.[4]

The Supreme Court of Alaska eloquently explains the rationale behind the due pro-

---

**3.** We use the anomalous term "de novo appeal" because the statute itself, W.Va.Code, 8–34–1 (1969), uses these two terms. *See* note 1, *supra.*

**4.** Justice Stevens, joined by Justices Brennan, Stewart and Marshall, dissenting in *Ludwig v. Massachusetts,* 427 U.S. 618, 635, 96 S.Ct. 2781, 2790, 49 L.Ed.2d 732, 744 (1976), spoke to the substantial burdens resulting from a de novo appeal trial:

"The burden, in my opinion, is significant. A second trial of the same case is never the

same as the first. Lawyers and witnesses are stale; opportunities for impeachment that may have little or much actual significance are present in the second trial that were not present in the first; a witness may be available at one time but not the other; the tactics on cross-examination, or on the presentation of evidence, in the first trial will be influenced by judgment of what may happen at the second; the strategy in a nonjury trial may be different than in a proceeding before a jury."

cess bar against imposition of a higher sentence in *Shagloak v. State*, 597 P.2d 142, 145 (Alaska 1979):

> "We believe if a more severe sentence may be imposed after retrial for any reason, there will always be a definite apprehension on the part of the accused that a heavier sentence may be imposed. Such apprehension or fear would place the defendant in an 'incredible dilemma' in considering whether to appeal the conviction. A 'desperate' choice exists, and may very well deter a defendant from exercising the right to assert his innocence and request a retrial. Such deterrence violates the due process clause of the Alaska Constitution. The fundamental standard of procedural fairness, which is the basic due process right claimed in this case, forbids placing a limitation on the defendant's right to a fair trial by requiring a defendant to barter with freedom for the opportunity of exercising it." (Footnote omitted)

Although *Eden* involved a trial de novo from a magistrate court, we see no basis for distinguishing it from a de novo appeal from a municipal court. The statutory language relating to criminal appeals from magistrate courts, although not identical to W.Va.Code, 8–34–1 (1969), still provides for an "appeal" and a "[t]rial ... de novo" in circuit court. W.Va.Code, 50–5–13 (1976).[5] As we have previously indicated, similar phraseology is used in W.Va.Code, 8–34–1 (1969).

We conclude that Syllabus Point 2 of *Eden* should be reaffirmed and modified to include municipal courts. Therefore, we hold that a defendant who is convicted of an offense in a trial before a magistrate or in municipal court and exercises his statutory right to obtain a trial de novo in the circuit court is denied due process when, upon conviction at his second trial, the sentencing judge imposes a heavier penalty than the original sentence. W.Va. Const. art. III, § 10.

For the foregoing reasons, the sentence of the Circuit Court of Raleigh County is reversed and the case is remanded for the purpose of reinstatement of the sentence imposed by the municipal court.

Reversed and Remanded.

McHUGH, Chief Justice, dissenting:

I respectfully dissent from the majority's holding in this case for reasons set forth in my concurrence in *State v. Young*, 173 W.Va. 1, 311 S.E.2d 118, 135–36 (1983). As discussed therein, I disagree with this Court's holding in *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868 (1979), and its progeny. I would follow the less restrictive rationale of the United States Supreme Court in *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).

---

**5.** The relevant portion of W.Va.Code, 50–5–13 (1976), is:

> "Any person convicted of an offense in a magistrate court may appeal such conviction to circuit court by requesting such appeal within twenty days of the sentencing for such conviction.... The filing or granting of an appeal shall automatically stay the sentence of the magistrate. Trial in circuit court shall be de novo."