Robert Charles BARNETT, Petitioner,

v.

John A. BRETT, Supernumerary Judge of District Court, 7th Judicial District, Respondent.

No. A–13674.

Court of Criminal Appeals of Oklahoma.

April 16, 1965.

Archibald B. Hill, Jr., Oklahoma City, for petitioner.

Curtis P. Harris, Oklahoma County Atty., Oklahoma City, for respondent.

BUSSEY, Presiding Judge.

The sole question presented for our consideration is whether this Court should entertain jurisdiction and prohibit a trial court from further proceeding in a criminal case, over which the trial court is acting, within the jurisdiction conferred upon it by law.

The answer, we believe, is implicit in the question unless we are to deviate from the well established principles governing the issuance of the extraordinary writ of prohibition.

We have uniformly held that the writ of prohibition is that process by which an appellate court prevents an inferior court from usurping, or exercising unauthorized jurisdiction; and further, prohibition being an extraordinary writ, it cannot be resorted to when the ordinary and usual remedies at law are available.

In the instant case the trial court has denied the petitioner's motion for continuance in District Court Case No. 30130 notwithstanding the provisions of Title 12 O.S. § 667 which provides:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within thirty (30) days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and it is mandatory that the court shall grant such continuance upon motion whether such attorney may have been employed before or during the session of the Legislature, and the court shall have no power to exercise its discretion as to the granting of such continuance,

and all motion, demurrers and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right. * * * "

when the undisputed facts are, that the petitioner is charged with a capital offense and has been confined, and is being confined in the county jail of Oklahoma County, and has been represented, and is presently represented by the Honorable Archibald B. Hill, Jr., a member of the 30th Oklahoma Legislature now in session.

This matter has been considered at great length in conference prior to hearing, and we have considered the arguments presented to the Court this day, and we have concluded that the question of whether the trial court has abused its discretion is reviewable only on appeal.

It is the solemn responsibility of trial judges to make rulings on questions of law arising before them, and the writ of prohibition cannot be invoked, to secure from the Court of Criminal Appeals an advisory opinion, on matters which are addressed to the discretion of the trial judges, and for which they must assume the responsibility.

In the response filed in the instant cause, although not conceding that this Court should assume jurisdiction, it is urged that in the event jurisdiction is assumed and prohibition granted, this Court should enter an order directing that a further preliminary hearing be granted, in order to preserve the testimony of Dr. William E. Jaques, a material witness for the prosecution.

Having concluded that the petitioner's application to assume jurisdiction should be denied, we observe that in the event the trial court, upon a reconsideration of the motion for continuance, determines that the same should be granted (in order to eliminate the possibility of committing reversible error), and in the event that counsel for the State and the defendant join in the request for additional preliminary preceed-

ings, there is nothing to prevent the trial court from taking appropriate action on this request.

The application to assume jurisdiction is denied. Application denied.

NIX and BRETT, JJ., concur.