STATE *ex rel.* CLETUS B. HANLEY, *Prosecuting Attorney*

*v.*

JOHN HEY, *Judge, Circuit Court of Kanawha County*

(No. 14352)

Decided May 22, 1979.

*Chauncey H. Browning*, Attorney General, *Richard E.*

*Hardison,* Deputy Attorney General, *Frances W. McCoy,* Assistant Attorney General, for relator.

*Marvin W. Masters* for respondent.

McGRAW, JUSTICE:

We granted a rule to show cause in this prohibition proceeding to consider the narrow and limited question of whether a circuit court has the power to continue the probation of an individual who is adjudged in a final revocation hearing to have violated a condition of his probation by committing a felony. We answer the question in the negative and say that the respondent trial court exceeded its legitimate powers by granting probation. We grant the writ.

In September of 1977, Gregory Dale O'Scha plead quilty to a felony charge and was placed on probation for a period of two years by the Circuit Court of Kanawha County. Subsequently, the probation authorities sought to revoke his probation. The probationer was given written notice of the charge against him in both the preliminary and final revocation proceedings, namely, that he had committed a breaking and entering or entry without breaking of a certain store house located in Kanawha County in May of 1978. Following the final revocation hearing, the trial court entered an order revoking probation based on a plea of guilty to the charge against him.

Thereafter the probationer was sentenced on his original 1977 felony conviction. Counsel for the probationer filed a timely motion for reconsideration of the sentence, and after a hearing on the motion, the trial court suspended the sentence previously imposed upon a finding that "the character of the offender and the circumstances of the case now indicate that he is not likely again to commit crime, and that the public good does not require that he be further imprisoned in the West Virginia State Penitentiary. ..."

I.

Article 12 of Chapter 62 of the West Virginia Code contains the law of this State regulating the probation of criminal offenders. Section 1 of that article provides that "[a]ny circuit court of this State shall have authority *as provided in this article* to place on probation any person convicted of a crime." (Emphasis added). This provision specifically authorizes circuit courts of this State to place on probation any person convicted of a crime to the extent that such authority is provided for in other sections of article 12.

Section 2 sets forth the categories of persons who shall be initially eligible for probation upon the conviction of a crime. Section 10 is the source of a circuit court's authority to continue the period of probation where a term or condition of probation has been violated. This section reads in pertinent part as follows:

> If, despite a violation of the conditions of pro-. bation, the court or judge shall be of the opinion that the interests of justice do not require that probationer serve his sentence, the court or judge may, *except when the violation was the commission of a felony,* again release him on probation. (emphasis supplied).

This section authorizes a circuit court to continue the term of probation despite the violation of a condition of probation where the interests of justice do not require the probationer to serve his sentence. The Circuit Court, however, is expressly prohibited from releasing an individual on probation ". . . when the violation was the commission of a felony."

The respondent argues this exception is only applicable where a probationer is actually indicted and convicted of a felony, and does not become operative where a probationer is merely adjudged to have violated a condition of probation by the commission of a felony.

We do not accept this interpretation. The language of section 10 is clear and unambiguous. If the Legislature

wanted to limit the exception to felony convictions, it could have used the words "conviction" of a felony instead of "commission" of a felony, as it did in other sections of Article 12.

The statutory exception to a trial court's authority to again release a person on probation, despite a violation of a term of probation, is applicable here. The statute simply does not authorize continued probation on the facts in this case.

While we recognize that probation statutes have been held to be remedial in nature and subject to liberal construction, *Dyke v. Commonwealth,* 193 Va. 478, 69 S.E.2d 483 (1952), such construction is not permissible where, as in this case, the provision is free from ambiguity.

As we observed in our recent pronouncement in *State ex rel. Winter v. MacQueen,* ____ W. Va. ____, 239 S.E.2d 660, 661 (1977), "[t]he judge's discretion in matters of probation . . . [is] proscribed by legislative fiat and . . . he is bound thereby."

Accordingly, the circuit court exceeded its legitimate power by again suspending the imposition or execution of sentence and releasing the offender on probation. "Prohibition will lie to prohibit a judge from exceeding his legitimate powers." Syl. pt. 2, *State ex rel. Winter v. MacQueen, supra.*

The respondent also argues that prohibition is not proper in this case because the probationer was not made a party to this proceeding. As a general rule in prohibition proceedings, any person whose rights may be affected by the issuance of a writ must be made a party and must be given notice of the proceedings. *State ex rel. Partain v. Oakley,* ____ W. Va. ____, 227 S.E.2d 314 (1976); 15 M.J. *Prohibition* § 20 (1979).

The record reveals that counsel for the probationer was present during all the proceedings in this case and, in fact, he defended the actions of the respondent judge

by acting as his counsel before this Court. The interests of the respondent judge and the probationer are identical as both seek to preclude issuance of the writ of prohibition on the ground that the respondent judge had the authority to release the offender on probation. The offender's interests were thus represented by his counsel. Under these special circumstances, we do not find the general rule controlling.

*Writ granted.*