453 S.E.2d 436

**STATE of West Virginia ex rel. Albert KEES, Petitioner,**

v.

**Honorable David H. SANDERS, Judge of the Circuit Court of Berkeley County, Respondent.**

No. 22368.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Dec. 21, 1994.

Aaron C. Amore, Asst. Public Defender, Martinsburg, for petitioner.

John M. Hedges, Byrne & Hedges, Morgantown, for respondent.

McHUGH, Justice:

In this original prohibition proceeding, the petitioner, Albert Kees, seeks to prohibit the respondent, the Honorable David Sanders, Judge of the Circuit Court of Berkeley County, from enforcing an order in which he denied the petitioner's motion to remand a traffic charge to municipal court for a new trial with court-appointed counsel. Upon consideration of the petition and the response thereto, we conclude that the writ of prohibition should be denied.

## I

On May 11, 1993, the petitioner was issued a traffic citation in the city of Martinsburg, West Virginia, for allegedly running a stop sign, in violation of the Codified Ordinance of the City of Martinsburg, § 300.99. One who violates this provision "shall be fined not more than five hundred dollars ($500.00) or

imprisoned not more than thirty days, or both." *Id.*, § 303.99.

By application, dated May 14, 1993, the petitioner sought court-appointed counsel, indicating that he had neither tried to hire private counsel nor that he had plans to do so. The petitioner also indicated that his gross monthly income amounted to $634, derived from veteran disability benefits. By order of May 17, 1993, petitioner's application for court-appointed counsel was denied by the respondent judge.

On May 19, 1993, the petitioner was found guilty of the traffic offense of which he was charged and fined $97.[1] The petitioner subsequently appealed the municipal court judgment and fine to the Circuit Court of Berkeley County. *See W.Va.Code*, 8–34–1 [1969].[2] The respondent judge granted the petitioner's request for appointment of counsel for his *de novo* appeal to circuit court, appointing the Public Defender's Office.

On March 30, 1994, the petitioner, by counsel, moved the circuit court to remand the traffic charge to municipal court for a new trial based upon the previous denial of a court-appointed attorney for the original municipal court proceeding. The respondent judge entered an order denying the petitioner's motion to remand. The petitioner is now seeking a writ of prohibition from this Court preventing enforcement of that order.[3]

## II

Our legislature has determined that "in certain proceedings the state is required to provide high quality legal assistance to indigent persons who would be otherwise unable to afford adequate legal counsel," as such will "serve the ends of justice in accordance with rights and privileges guaranteed to all citizens by" the *United States Constitution* and the *West Virginia Constitution. W.Va.Code*, 29–21–1 [1989]. The primary issue before this Court is whether the petitioner had a statutory right to court-appointed counsel in municipal court considering there was a risk of incarceration upon conviction of the traffic offense of which he was charged.[4]

---

1. According to his petition to this Court and an attached affidavit, the petitioner maintains that he was prevented from putting on any defense at the municipal court proceeding. Just prior to the proceeding, the petitioner presented to the prosecutor documentary evidence, including pictures and a diagram. The petitioner alleges that the prosecutor, the arresting police officer and the judge went into another room to review the documents. Upon returning to the courtroom, the judge heard the cases of all present and, when the petitioner's case was called, ordered the arresting officer to testify. The petitioner contends that the officer lied under oath and when the petitioner confronted the officer about his version of the events, the judge accused the petitioner of calling the officer a liar. The petitioner was then ordered to "sit down and shut up."

2. *W.Va.Code*, 8–34–1 [1969] provides, in relevant part:

   Every person sentenced under this chapter by any mayor or police court judge or municipal court judge to imprisonment or to the payment of a fine of ten dollars or more (and in no case shall a fine of less than ten dollars be given if the defendant, his agent or attorney object thereto) shall be allowed an appeal de novo to the circuit or other court of the county exercising jurisdiction over appeals in criminal cases from justices of the peace courts [magistrates] in the county[.]

3. According to the petition, the respondent judge has made the determination that the petitioner waived his appeal rights inasmuch as he failed to appear at a hearing scheduled for May 9, 1994. This issue is not presently before us.

4. In his reply to the respondent judge's memorandum to this Court, the petitioner abandoned his argument that he had a right to court-appointed counsel under the sixth and fourteenth amendments. The petitioner conceded that, under the United States Supreme Court ruling in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the *potential* for imprisonment was not sufficient to secure the right to counsel under the federal constitution. In *Scott*, the petitioner had been convicted of shoplifting under an Illinois statute for which the maximum penalty was a $500 fine or one year in jail, or both. Upon conviction without the benefit of counsel, the petitioner was fined $500 and given no jail time. On appeal, the petitioner contended that under the sixth and fourteenth amendments to the *United States Constitution*, he was entitled to counsel below due to the risk of imprisonment under the pertinent Illinois theft statute. The United States Supreme Court disagreed, holding that so long as no imprisonment was *actually* imposed, the right to counsel secured by the federal constitution did not obtain. *See also Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), upon which the *Scott* decision expounded. In *Argersinger*, the United States Supreme Court held that, while

In support of his argument, the petitioner contends that his was an "eligible proceeding" for which the State was required to provide legal assistance, pursuant to *W.Va. Code*, 29–21–2(2) [1990]. *W.Va.Code*, 29–21–2(2) [1990] provides, *inter alia*, that an "eligible proceeding" *"does not include representation in municipal courts unless the accused is at risk of incarceration [.]"* [5] (emphasis added). The penalty for the traffic offense for which the petitioner was charged called for either a monetary fine or imprisonment, or both. The proceeding on this traffic offense would, seemingly, qualify as an "eligible proceeding" under *W.Va.Code*, 29–21–2(2) for which the petitioner had an absolute right to counsel.

However, we revisit our decision in *Champ v. McGhee*, 165 W.Va. 567, 270 S.E.2d 445 (1980), in which we discussed a defendant's constitutional right to a jury trial for alleged violations of municipal ordinances.[6] In *Champ*, we indicated that, though a municipal ordinance might carry a penalty of imprisonment, if a judge states, before trial, that he or she will not impose any prison sentence, then the trial may proceed without a jury. More precisely, we stated that:

> [A]ny defendant in jeopardy of incarceration must affirmatively waive his right to a jury in writing before he may be tried and sent to jail without one. Similarly, if the judge signifies in advance of trial that the matter is exclusively administrative, such as a parking fine, and that notwithstanding provisions in the ordinance which permits a jail sentence, he will under no condition impose one, then the trial may proceed without a jury.

*Id.*, 165 W.Va. at 571, 270 S.E.2d at 447. Though the case presently before us involves the right to court-appointed counsel rather

---

no person may be imprisoned for any petty, misdemeanor or felony offense unless represented by counsel, absent a knowing and intelligent waiver, uncounseled misdemeanor convictions are still valid with the limitation that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel.

Finally, we note our recent holding in *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994) in which we overruled our previous holding in *State v. Armstrong*, 175 W.Va. 381, 332 S.E.2d 837 (1985)

> because it imposes an unnecessary restriction on the use of valid uncounseled previous convictions ... [we found] that under the sixth amendment to the *U.S. Constitution* and article III, section 14 of the *West Virginia Constitution*, 'an uncounseled misdemeanor conviction, valid under *Scott* [*v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)], because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.' *Nichols v. U.S.*, — U.S. —, —, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745, 755 (1994).

We further note Justice Cleckley's dissenting opinion in the holding of *Hopkins*. Justice Cleckley disagrees, however, only with the majority's conclusion that prior shoplifting convictions are elements of our State's shoplifting enhancement provision and thereby admissible before the jury in the shoplifting case in question in *Hopkins*. He states that prior convictions are not elements of the current charge but rather, elements of penalty enhancement.

5. *W.Va.Code*, 29–21–2(2) [1990] more completely defines "eligible proceeding" as:

> Criminal charges which *may result in incarceration*, juvenile proceedings, proceedings to revoke parole or probation if the revocation may result in incarceration, *contempt of court*, child abuse and neglect proceedings which may result in a termination of parental rights, mental hygiene commitment proceedings, paternity proceedings, extradition proceedings, proceedings brought in aid of an eligible proceeding, and appeals from or post conviction challenges to the final judgment in an eligible proceeding. Legal representation provided pursuant to the provisions of this article is limited to the court system of the state of West Virginia, *but does not include representation in municipal courts unless the accused is at risk of incarceration [.]*
> (emphasis added).

6. Article III, section 14 of the *West Virginia Constitution* provides:

> Trial of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the alleged offence was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county. In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witness against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defense; and there shall be awarded to him compulsory process for obtaining witnesses in his favor.

than the right to a jury trial, we, nevertheless, find the aforementioned discussion in *Champ* compelling.

■ In practice, municipal courts commonly dispense with minor traffic offenses without the benefit of lawyers and, in the event that a defendant is convicted, the result is generally the imposition of a monetary fine. We recognize, though, that, should a judge impose a monetary penalty too onerous for a defendant to pay, the defendant might be subject to contempt charges and, consequently, imprisonment.[7] In that event, court-appointed counsel is warranted under *W.Va.Code*, 29–21–2(2) [1990].[8]

■ We hold, therefore, that in a municipal court proceeding on a minor traffic offense, where a judge states, in advance of the proceeding, that notwithstanding the applicable provision which permits a jail sentence, the judge will under no condition impose one nor impose a fine so onerous that the defendant cannot pay it thereby subjecting him to a contempt charge which may result in a jail sentence, then appointment of counsel pursuant to *W.Va.Code*, 29–21–2(2) [1990] is not required.

It is unclear, in the present case, whether the respondent judge refused to appoint counsel at the municipal court proceeding based upon his representation that he would, in no event, sentence the petitioner to a jail term. However, our reading of the record does reveal that the petitioner was fined $97 and was, in fact, not imprisoned upon conviction of the traffic offense. Furthermore, this Court has held that, in exercising his statutory right to obtain a trial *de novo* in the circuit court, the petitioner may not receive a heavier penalty, including jail time, than the original fine of $97, as such would constitute a denial of due process.[9] *See State v. Bonham*, 173 W.Va. 416, 317 S.E.2d 501 (1984); *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868 (1979).

■ We, therefore, find that the respondent judge did not act improperly in denying the petitioner's request for court-appointed counsel at the municipal court proceeding on the minor traffic offense. We further find that, since the petitioner received a monetary fine at the municipal court proceeding and not imprisonment and since, on appeal, he may not receive a heavier penalty than the $97 fine originally imposed, he is not entitled to court-appointed counsel on appeal to the circuit court.[10]

■ The petitioner's right to the extraordinary remedy of prohibition must clearly appear before he is entitled to such remedy. *State ex rel. Maynard v. Bronson*, 167 W.Va. 35, 41, 277 S.E.2d 718, 722 (1981); *Sidney C. Smith Corp. v. Dailey*, 136 W.Va. 380, 390, 67 S.E.2d 523, 528 (1951). This Court has previously held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code*, 53–1–1." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). *Accord* syl. pt. 2, *State ex rel. Hanley v. Hey*, 163 W.Va. 103, 255 S.E.2d 354 (1979); syl. pt. 2, *State ex rel. Winter v. MacQueen*, 161

---

7. *See State ex rel. Robinson v. Michael*, 166 W.Va. 660, 276 S.E.2d 812 (1981); *State ex rel. UMWA Intern. Union v. Maynard*, 176 W.Va. 131, 342 S.E.2d 96 (1985). *See also Chesapeake & Ohio System Federation v. Hash*, 170 W.Va. 294, 294 S.E.2d 96 (1982).

8. *See* n. 5, *supra*. *See also State v. Blosser*, 158 W.Va. 164, 207 S.E.2d 186 (1974) and *Bullett v. Staggs*, 162 W.Va. 199, 250 S.E.2d 38 (1978), in which we held that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

9. *See* article III, section 10 of the *West Virginia Constitution*, which provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

10. As an aside, the petitioner's counsel, the Public Defender's Office, has asked this Court to rule on the related issue of whether it was proper for the respondent judge to appoint the Public Defender's Office to represent the petitioner in his appeal to the circuit court, when the petitioner received only a fine in the municipal court proceeding. In light of our decision that the petitioner is not entitled to court-appointed counsel on appeal, it was improper for the respondent judge to appoint the Public Defender's Office.

W.Va. 30, 239 S.E.2d 660 (1977). In denying the petitioner's motion to remand the traffic charge proceeding to municipal court for a new trial with court-appointed counsel, the respondent judge clearly had jurisdiction and, further, did not exceed his legitimate powers.

Writ denied.

McHUGH, J., delivered the Opinion of the Court.

BROTHERTON, C.J., did not participate.

MILLER, J., Retired, sitting by temporary assignment.