# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**William E. Akers,**
**Defendant Below, Petitioner**

**vs.)   No. 12-1221** (Mercer County 11-M-AP-4)

**City of Bluefield,**
**Plaintiff Below, Respondent**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William E. Akers, appearing *pro se*, appeals an order of the Circuit Court of Mercer County, entered September 5, 2012, that denied his motion for a new trial and for appointment of counsel following his conviction on the misdemeanor charge of destruction of property. Respondent City of Bluefield, by counsel Marland Turner, filed a summary response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with misdemeanor destruction of property pursuant to West Virginia Code § 61-3-30(a) for allegedly breaking the rear taillight of a 2002 Ford Taurus with a baseball bat on October 5, 2010, in Bluefield, West Virginia. The City of Bluefield Municipal Court found petitioner guilty, fined petitioner $200, and also ordered him to pay $88 in court costs.

Petitioner appealed to the Circuit Court of Mercer County which conducted a trial de novo on July 30, 2012. The circuit court found petitioner guilty and adopted the penalty imposed by the municipal court. The circuit court also ordered petitioner to pay the court costs of the circuit court

---

[1] On April 26, 2013, this Court granted petitioner's motion to perfect the appeal out-of-time and denied respondent's renewed motion to dismiss. The Court also denied petitioner's first motion to supplement the appendix, filed on March 20, 2013, but took judicial notice of the criminal complaints contained within petitioner's supplemental appendix.

1

proceedings and to pay $125 in restitution.[2] The circuit court provided that "[petitioner] will have six months from the date of sentencing to pay all fines, costs, and restitution."

Petitioner had court-appointed counsel in both the municipal court and circuit court proceedings.

On August 17, 2012, the parties appeared for a hearing on petitioner's motion for substitution of counsel for the purpose of appealing to this Court. The circuit court denied petitioner's motion, citing, *State ex rel. Kees v. Sanders*, 192 W.Va. 602, 453 S.E.2d 436 (1994), in which we determined that a municipal court defendant was not entitled to court-appointed counsel on appeal de novo to the circuit court as, on appeal, the defendant could not receive a more onerous sentence than the fine originally imposed by the municipal court.[3]

On September 4, 2012, petitioner, appearing *pro se*, filed a motion for a new trial and renewed his motion for appointed counsel. On September 5, 2012, the circuit court denied petitioner's motions. The circuit court noted that petitioner alone testified in his defense at the July 30, 2012 bench trial even though petitioner's counsel stated that petitioner had two witnesses waiting outside the courtroom. The circuit court attributed the exclusion of the two witnesses to trial strategy noting that petitioner was informed at trial that it was not the court's function to call petitioner's witnesses for him. The circuit court found that (1) petitioner's testimony was not credible; and (2) respondent's witnesses presented the only reliable testimony. Pursuant to *Kees*, the circuit court once again determined that petitioner was not entitled to new counsel for the purpose of appealing to this Court. The circuit court found that the fine petitioner was ordered to pay, plus court costs, was not unduly burdensome.[4]

The circuit court then addressed petitioner's allegation that the court had been biased against him because when the presiding judge had been a lawyer, he declined to represent petitioner. The circuit court noted that the August 17, 2012 hearing on petitioner's motion for substitution of counsel was the first time petitioner alleged that the circuit court judge "was the attorney that he had consulted with many years ago about a potential personal injury matter." When the circuit court inquired as to why petitioner never raised the issue before the August 17, 2012 hearing, petitioner replied that he "did not think of it at the time." The circuit court found that petitioner's assertion of bias to be disingenuous because it was raised only after the court had convicted him. The circuit court further found that the judge, "while in private practice before assuming the bench, spoke to literally thousands of people about a variety of cases" and that "[the judge] has no recollection that he ever spoke to [petitioner] about any such personal injury action."

---

[2] The circuit court found that repairs to the vehicle cost $125.

[3] Petitioner was represented at the August 17, 2012 hearing on his motion for substitution of counsel.

[4] In *State ex rel. Kees v. Sanders*, 192 W.Va. 602, 606, 453 S.E.2d 436, 440 (1994), this Court indicated that a municipal court defendant is entitled to court-appointed counsel if the fine imposed is so onerous that the defendant cannot pay and is thereby subjected to a contempt charge.

Accordingly, the circuit court affirmed its prior rulings and denied petitioner's motions for a new trial and for new counsel by an order entered September 5, 2012. Petitioner now appeals the circuit court's order.

We review both the circuit court's decision not to appoint new counsel and its denial of a new trial under an abuse of discretion standard. *See* Syl. Pt. 4, in part, *State v. Fields*, 225 W.Va. 753, 696 S.E.2d 269 (2010) (abuse of discretion standard applies even where the circuit court removes court-appointed counsel *sua sponte*), *cert. denied*, __ U.S. __, 131 S.Ct. 1044, 178 L.Ed.2d 867 (2011); *State v. Crouch*, 191 W.Va. 272, 275, 445 S.E.2d 213, 216 (1994) (abuse of discretion standard applies to decisions whether to grant a new trial).

On appeal,[5] petitioner argues that he should have been appointed new counsel and asserts that the fines, court costs, and restitution imposed by the circuit court are unduly burdensome given his limited monthly income. Respondent counters that the circuit court properly denied appointment of counsel for the purpose of appeal pursuant to *Kees*. This Court concludes that the circuit court did not abuse its discretion in its application of *Kees* to deny petitioner's motion for appointment of counsel. The Court notes that the circuit court did not order that petitioner pay all fines, court costs, and restitution immediately. Rather, the circuit court ordered that petitioner had six months to make payment.

Petitioner also contends that he should be granted a new trial and makes numerous complaints about the fairness of the proceedings ranging from his arrest to the denial of his last motion in the circuit court. Respondent counters that petitioner's many arguments are not supported by proper citations to the record. *See* Rule 10(c)(7), W.V.R.A.P (This Court "may disregard errors that are not adequately supported by specific references to the record on appeal."); *State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). This Court also notes the circuit court's findings with regard to the lack of reliability of petitioner's testimony and the value of respondent's witnesses. "An appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). After careful consideration, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for a new trial.

_____

[5] On July 17, 2013, petitioner filed a second motion to supplement the appendix with evidence he alleges was either used or mentioned at trial, "but not listed on the docket." Petitioner further describes this evidence as "new evidence." This Court has considered the new evidence under the standard for evaluating newly discovered evidence set forth in the Syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979). We find that the evidence with which petitioner moves to supplement the appendix would be insufficient to warrant a new trial. Therefore, we deny petitioner's July 17, 2013, motion to supplement the appendix.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**    October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4