# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**F.S.T., Inc. d/b/a**
**Tiffany's Dolls Cabaret,**
**Petitioner Below, Petitioner**

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0016** (Hancock County 16-P-38)

**Hancock County Commission,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner F.S.T., Inc. d/b/a Tiffany's Dolls Cabaret, by counsel Joseph L. Ludovici and Ian T. Masters, appeals the order of the Circuit Court of Hancock County, entered on November 9, 2016, granting respondent's motion to quash writs and dismiss petitioner's appeal. Respondent Hancock County Commission appears by counsel Michael W. Lucas, III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, dismissal of the appeal is appropriate under Rule 31(b) of the Rules of Appellate Procedure.

This appeal centers on petitioner's challenge to respondent's "Adults Only Establishment Location Ordinance" ("the ordinance"), enacted in 2004, insofar as the ordinance provides that a business such as petitioner's is "abandoned" when

> the use with respect to a Premises, regardless of the intent of the user, has ceased or has discontinued for a period of more than sixty (60) consecutive days, or [there is] an explicit declaration by the user of a Premises that it has created a use with respect to the premises that is non-conforming with the Ordinance.

Petitioner, an "adult entertainment establishment," closed its doors in compliance with a West Virginia Alcohol Beverage Control Administration-ordered "cooling off" period in September of 2015, and its principal subsequently relinquished his license to serve alcohol. The business apparently remains dormant. Petitioner's counsel contacted the Hancock County Prosecuting Attorney's Office in April of 2016, and expressed petitioner's interest in reopening. An assistant prosecuting attorney informed petitioner's counsel that the business likely would be deemed abandoned under the ordinance, but the assistant prosecuting attorney also explained that he was not offering "the county's official position" and that petitioner should seek a formal determination from respondent.

1

Petitioner did not pursue the avenue suggested by the assistant prosecuting attorney. Instead, it filed its "Writ of Certiorari[,] Writ of Error[,] Appeal[, and] Writ of Prohibition"[1] with the Circuit Court of Hancock County, ostensibly requesting that the circuit court declare the ordinance invalid because the county failed to establish a board of zoning appeals within the meaning of West Virginia Code 8A-8-1.[2] However, petitioner asked specifically that the court

---

[1] We denounce such careless pleading. Though our jurisprudence leads our courts to construe a complaint in the light most favorable to the plaintiff,

> liberalization in the rules of pleading in civil cases does not justify a carelessly drafted or baseless pleading. As stated in Lugar and Silverstein, *West Virginia Rules of Civil Procedure* (1960) at 75: "Simplicity and informality of pleading do not permit carelessness and sloth: the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint."

*Sticklen v. Kittle*, 168 W.Va. 147, 164, 287 S.E.2d 148, 157–58 (1981). The style of petitioner's pleading threw into the judicial soup pot numerous possibilities—specifically, "appeal" or writs of certiorari, error, or prohibition—leaving the circuit court to ladle out what it would.

Petitioner's pleading invoked four methods of review. We have distinguished three as follows:

> The term "appeal" was unknown to the common law. It belonged wholly to courts of chancery, and means in its technical and appropriate sense the removal of a suit, and its final determination, from an inferior court, after final judgment in that court, to a superior court, and placing the case in the latter court, to be again tried *de novo* upon its merits, just as though it had never been tried in the inferior court. . . . The common-law mode of reviewing the judgments of inferior courts was by the writs of audita querela, error, and certiorari. The writ of error was used to review the judgments of courts of record, while the writ of *certiorari* was employed to review judgments of inferior jurisdictions, or courts not of record, or where the court acts in a summary mode, or in a new course different from the common law. . . .

*Fouse v. Vandervort*, 30 W.Va. 327, 331, 4 S.E. 298, 301 (1887)(citations omitted), *overruled in part by Richmond v. Henderson*, 48 W.Va. 389, 37 S.E. 653 (1900). Petitions for appeal and writs of error or certiorari are employed in seeking review of the decisions of inferior courts. Inasmuch as there was no inferior court decision from which to seek relief, petitioner was not entitled to such relief. We thus consider the pleading a petition for extraordinary relief, as the circuit court did. More specifically, inasmuch as petitioner partially titled the pleading as a "writ of prohibition," we understand that he was petitioning for such.

"issue an [o]rder prohibiting the Hancock County Commissioners from prohibiting [petitioner] from operating the establishment in the same manner as it had been previously operated" as well as an order "permitting [petitioner] to operate [its] business in accordance to their prior established business model and activities. . . ." Based on this specific request for relief, as well as petitioner's styling, we consider the pleading filed with the circuit court a petition for extraordinary relief. *See n. 1.*

Respondent moved the circuit court to quash petitioner's writs and dismiss the appeal, on the ground that respondent had taken no action with regard to petitioner's business and the parties thus had no controversy. The circuit court granted that motion, finding in pertinent part that petitioner failed to support its petition for extraordinary relief under the rubric of *State ex rel. Parsons v. Zakaib*, 207 W.Va. 385, 532 S.E.2d 654 (2000), because there was no evidence that petitioner had filed an application with respondent. The circuit court also found that respondent was not required to establish a zoning board of appeals because the ordinance at issue pre-dated the enactment of West Virginia Code 8A-8-1. The circuit court noted that respondent provided an appeal directly to it, so petitioner would not be without recourse were its application denied.

On appeal, petitioner asserts three assignments of error: (1) that the circuit court erred in its application of law (arguing, essentially, that the circuit court wrongly found that petitioner failed to exhaust administrative remedies); (2) that respondent is required to create a zoning board of appeals pursuant to West Virginia Code § 8A-8-1, and the circuit court incorrectly found otherwise; and (3) that the circuit court erred in its application of *Parsons*. We decline to address these assignments of error for lack of ripeness, which leaves us without subject matter jurisdiction over petitioner's claims. "Subject matter jurisdiction does not exist over claims that are not ripe for adjudication." Syl. Pt. 3, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W.Va. 338, 801 S.E.2d 216, 218 (2017). "'This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein.' Syl. Pt. 2, *In re Boggs' Estate*, 135 W.Va. 288, 63 S.E.2d 497 (1951)." *Id.* at ___, 801 S.E.2d 216, 218.

Petitioner has neither made application with respondent and been refused, nor attempted to reopen its business and been impeded. The appendix record on appeal is devoid of any action taken by respondent to frustrate petitioner's purpose. As we explained in *State ex rel. Morrisey v. W. Virginia Office of Disciplinary Counsel*, 234 W. Va. 238, 246, 764 S.E.2d 769, 777 (2014), wherein we discussed the related doctrine of standing, the relief sought by petitioner would result in our "issuing an advisory opinion . . . to a situation that has not occurred." We wrote:

> The writ of prohibition is not designed to accord relief to a person who merely receives a requested advisory opinion with which he or she disagrees. The writ of prohibition is not a revolving door. *See Woodall v. Laurita*, 156 W.Va.

---

[2] Neither the style nor the body of the complaint referenced the Declaratory Judgment Act, West Virginia Code Code §§ 55-13-1 to -16, which "is designed to enable litigants to clarify legal rights and obligations before acting upon them." *Cox v. Amick*, 195 W.Va. 608, 618, 466 S.E.2d 459, 469 (Cleckley, J., concurring).

707, 713, 195 S.E.2d 717, 721 (1973) ("The piecemeal challenge of discretionary rulings through writs of prohibition does not facilitate the orderly administration of justice."). "[T]he right to prohibition must be clearly shown before a petitioner is entitled to this extraordinary remedy." *Norfolk S. Ry. Co. v. Maynard*, 190 W.Va. 113, 120, 437 S.E.2d 277, 284 (1993). *See also State ex rel. Kees v. Sanders*, 192 W.Va. 602, 606, 453 S.E.2d 436, 440 (1994) ("The petitioner's right to the extraordinary remedy of prohibition must clearly appear before he is entitled to such remedy.") . . . .

It is a deeply rooted and fundamental law that "this Court is not authorized to issue advisory opinions[.]" *State ex rel. City of Charleston v. Coghill*, 156 W.Va. 877, 891, 207 S.E.2d 113, 122 (1973) (Haden, J., dissenting). In this regard, we observed in *Harshbarger v. Gainer*, 184 W.Va. 656, 659, 403 S.E.2d 399, 402 (1991), that "[s]ince President Washington, in 1793, sought and was refused legal advice from the Justices of the United States Supreme Court, courts—state and federal—have continuously maintained that they will not give 'advisory opinions.'" Moreover, in *United Fuel Gas Co. v. Public Service Commission*, 73 W.Va. 571, 578, 80 S.E. 931, 934 (1914), we noted that "[b]y the plain terms of the Constitution appellate jurisdiction is limited to controversies arising in judicial proceedings[.]" This Court further addressed the issue of advisory opinions in *Mainella v. Board of Trustees of Policemen's Pension or Relief Fund of City of Fairmont*, 126 W.Va. 183, 185–86, 27 S.E.2d 486, 487–88 (1943), as follows:

> Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes. The pleadings and evidence must present a claim of legal right asserted by one party and denied by the other before jurisdiction of a suit may be taken.

Consistent with our general rule, it is obvious that "the writ of prohibition cannot be invoked[ ] to secure from th[is] Court . . . an advisory opinion[.]" *Barnett v. Brett*, 401 P.2d 532, 534 (Okla.Crim.App.1965). *See also State ex rel. ACF Indus., Inc. v. Vieweg*, 204 W.Va. 525, 533 n. 13, 514 S.E.2d 176, 184 n. 13 (1999) (declining writ of prohibition as seeking advisory opinion).

*Id.* at 245-46, 764 S.E.2d 769, 776-77.

For the foregoing reasons, we dismiss the appeal.

Dismissed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker